**Janusz WOZNIAK, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–71616.

INS No. A70–962–739.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 21, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Janusz Wozniak, a native and citizen of Poland, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") order denying his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a).[1] Because the BIA conducted its own review of the record, this court reviews the decision of the BIA and not that of the IJ. *Sidhu v. INS*, 220 F.3d 1085, 1088 (9th Cir.2000). We review for substantial evidence the BIA's determina-

tion that the petitioner has not established eligibility for asylum. *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000). We deny the petition.

The BIA's determination that Wozniak failed to establish a well-founded fear of future persecution in light of the changed country conditions in Poland is supported by substantial evidence. *See Acewicz v. U.S. INS*, 984 F.2d 1056, 1060–61 (9th Cir.1993). Therefore, Wozniak failed to establish eligibility for asylum. *See id.* at 1061. It follows that he failed to meet the more stringent standard for withholding of deportation. *See id.* at 1062.

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), replaced this section with a new judi-

cial review provision codified at 8 U.S.C. § 1252. Under IIRIRA's transitional rules, however, this new provision does not apply to proceedings initiated prior to April 1, 1997 that result in a final deportation order entered after October 30, 1996. We therefore continue to exercise jurisdiction over Wozniak's action under 8 U.S.C. § 1105a(a). IIRIRA § 309(c)(1); *Kalaw v. INS*, 133 F.3d 1147, 1150–51 (9th Cir.1997).